UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
JOHN AMES AND MICHAEL PANTONY AS           CIVIL ACTION NUMBER
TRUSTEES OF THE UNITED WELFARE FUND,
WELFARE DIVISION,

                      PLAINTIFFS,

  -AGAINST-                                  **COMPLAINT**

SERVICE PLUS AND ALEPH MANAGEMENT          06-1200
SYSTEMS, INC. AND SAFECARE AMBULANCE,

                      DEFENDANT.
-----------------------------------------------------------------X

Plaintiffs, John Ames and Michael Pantony as Trustees of the United Welfare Fund, Welfare Division, by and through their attorneys, Richard M. Greenspan, for their Complaint allege as follows:

## JURISDICTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001 et. seq. (hereinafter referred to as "ERISA"), seeking contributions to be made to the United Welfare Fund, Welfare Division ("Fund") by the defendant. The subject matter jurisdiction of this Court is invoked pursuant to 29 U.S.C. §1132(a)(3), (d)(1), (f), (g), 29 U.S.C. §1145 and 29 U.S.C. §185.

## PARTIES

2. The plaintiff Fund is a jointly administered, multi-employer, Taft-Hartley benefit fund administered by Trustees designated by a union and by employers, established and

maintained pursuant to §302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) ("LMRA"). The Fund is administered and maintains offices for the conduct of business at 138-50 Queens Boulevard, Briarwood, New York 11435.

3. The Fund is an employee benefit plan within the meaning of §3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and is maintained for the purpose of providing medical and welfare benefits to eligible participants and beneficiaries.

4. The Fund may maintain this action under §502(d)(1) and (e) of ERISA, 29 U.S.C. §1132(d)(1) and (e).

5. The individual plaintiffs are representative Trustees of the Fund and are fiduciaries within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6. The plaintiffs bring this action on behalf of the Fund and its participants and beneficiaries pursuant to §502 of ERISA, 29 U.S.C. §1132 and 29 U.S.C. §1145.

7. Upon information and belief, the defendant, Service Plus ("Defendant"), is a domestic corporation doing business at 624 Evans Street, Elizabeth, New Jersey 07201.

8. Upon information and belief, defendant Aleph Management Systems, Inc. (hereinafter referred to as "Aleph") is a corporation with a place of business at 333 Jenkintown Commons, Jenkintown, PA 19046. which conducts business in New Jersey.

9. Upon information and belief, defendant Safecare Ambulance (hereinafter referred to as "Safecare") is a corporation with a place of business at 333 Jenkintown Commons, Jenkintown, PA 19046 which conducts business in New Jersey.

10. Upon information and belief, Service Plus and Safecare are wholly owned subsidiaries of Aleph.[1]

11. The Defendant is an Employer engaged in an industry affecting commerce, within the meaning of § 3(12) of ERISA, 29 U.S.C. § 1002(12), who employ or have employed employees, included within a Union collective bargaining agreement, whereunder defendants are required to make contributions to the Fund.

## VENUE

12. This Court has proper venue, pursuant to §502(c)(2) of ERISA, 29 U.S.C. §1132(c)(2), because the Defendant maintain offices in this District.

## STATEMENT OF FIRST CLAIM

13. At all relevant times, the Defendant was a party to a collective bargaining agreement ("Agreement") with Local 955, United Service Workers Union, IUJAT ("Union").

14. At all relevant times, the Agreement obligates the Defendant to contribute to the Fund for all employees so as to permit the employees covered by the agreement to receive medical and welfare benefits through the Fund.

15. The Defendant had agreed to remit contributions in the manner prescribed by the Fund in accordance with provisions in the Agreement.

---

[1] VanGo, Aleph and Anderson are referred to herein as "Employer" and "Defendants."

16. The Agreement requires by its terms that contributions are to be made to the Fund on behalf of the Defendant's employees for the workers covered by the Agreement at a rate specified in the Agreement. Payments are to be remitted to the Fund's office on or before the 1st day of the current month.

17. The Defendant has failed to make the required contributions to the Fund under the Agreement.

18. The Fund demands, and has adopted procedures in accordance with the applicable provisions of ERISA, that because of injury to the Fund and its participants, caused by late contributions, and the failure to make contributions, an employer who is delinquent is required to pay, in addition to the unpaid contributions, liquidated damages equal to 20% of the contributions due, interest on the unpaid contributions to the date payment is made, reasonable attorney's fees and all costs of collection, including, but not limited to, expert witness fees and costs incurred in prosecuting this lawsuit.

19. The Defendant is obligated to pay the contributions but has refused to do so despite having been requested to perform these obligations.

20. The principal amount of contributions due to the Fund for the period June through October 2005 is $32,703.30. This amount may be subject to further adjustment on the basis of a final audit of the Defendant's payroll books and records.

21. During the pendency of this lawsuit additional contributions may become due and owing to the Fund by the Employer in accordance with terms of the Agreement and rules adopted by the Fund.

22. During the term of the Agreement, additional contributions will be required to be made to the Fund.

23. By the above described omissions and breaches of the Agreement by the defendant:

    a. The Trustees of the Fund may be required to deny the employee-beneficiaries of the Fund for whom required contributions have not been made, the benefits of the Plan, thereby causing such employee-beneficiary substantial and irreparable damages.

    b. The Trustees of the Fund have and may provide to employees of the Defendant benefits provided by the Plan despite the failure of the Defendant to make required contributions, thereby reducing the corpus of the Fund and endangering the rights of employee-beneficiaries of the Plan on whose behalf contributions are being made, all to their substantial and irreparable injury.

## FOR A SECOND CLAIM

24. Plaintiff repeats each and every allegation of the First Claim as set forth herein.

25. As a result of the failure to make timely contributions, the Fund has suffered injury cognizable as liquidated damages in the amount of 20% of the contributions due, or $6,540.66, with accrued interest from the date contributions were due, along with the costs of collection, including, but not limited to, reasonable attorney's fees or such other relief as the Court deems proper along with court costs.

26. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the Defendant is ordered to specifically

perform all obligations on Defendant's part required to be performed under the Agreement and is restrained from continuing to refuse to perform as required.

## REQUEST FOR RELIEF

WHEREFORE, plaintiffs request that an order and judgment be entered in favor of plaintiff against Defendant as follows:

a. Unpaid contributions to the Fund in the amount of $32,703.30; plus liquidated damages amounting to $6,540.66; plus interest and costs of collection, including, but not limited to, costs of this suit, expert witness fees and attorney's fees or such other relief as the Court determines just; (hereinafter "Costs of Collection");

b. Such additional contributions, with associated liquidated damages (in the amount of 20%), interest, attorney's fees and costs of collection, as may be determined to be justly due and owed to the Fund during the pendency of this action and before final judgment;

c. statutory liquidated damages;

d. statutory interest;

e. an Order enjoining Defendant from breaching the obligations under the Agreement and, specifically, requiring Defendant to perform and continue to perform all obligations under the Agreement requiring Defendant to make the required monthly contributions in a timely fashion;

f. attorneys' fees or such other relief as the Court determines just, expert witness fees, audit fees, all other litigation costs and costs and disbursements of this suit;

    g.    such additional and further relief as this Court deems just and proper.

Dated: March 10, 2006

                                          Julie Pearlman Schatz (JS 6474)
                                          Law Offices of Richard M. Greenspan
                                          Attorneys for Plaintiffs
                                          810-A 31st Street
                                          Union City, New Jersey 07087
                                          (800) 445-7684

[jm\wpdocs06\UWF\Complaints\ServicePlus]